JONATHAN ANDREWS, Sheriff *et al. vs.* ALICE T. PEACOCK.

JUNE 28, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J.   This is a cause in equity, at present in the form of a petition, to enforce a lien imposed by statute on the respondent's real estate by reason of her having become surety on a bond to release from attachment goods which had been attached in an action at law by a deputy of said sheriff.   The cause is before us on the petitioners' appeal from a decree of the Superior Court dismissing the bill.

The petition avers that A. M. Cole, one of the petitioners herein, brought suit against Oakley Brothers in the Superior Court for the county of Providence for the sum of $3,500; that in said suit certain property of said Oakley Brothers was attached; that Alice T. Peacock, the respondent herein, executed a bond to release said attachment; that said bond contained a description of certain real estate of the respondent

and was recorded in the land records of the town of East Providence as provided by Chapter 1009, P. L. 1927; that on the 4th day of February, 1929, judgment was recovered by said Cole against said Oakley Brothers in the suit in which the attachment was made for the sum of $1,303.40 and that execution issued thereon and, on March 4, 1929, was returned wholly unsatisfied. This petition, which was thereafter filed, prayed the Superior Court to fix the amount due under the bond and enforce the lien against the respondent's real estate described in the bond.

Said chapter 1009 amends Chapter 351, G. L. 1923 by adding Section 29. Said section provides that whenever a sheriff or deputy sheriff shall take a bond to release goods and chattels from attachment on a writ in which the ad damnum exceeds $1,000 the bond shall be in the penal sum of the amount of damages laid in the writ, and in the event an owner of "real estate is accepted as surety said bond shall contain a description of such real estate so that the same may be readily identified in the records of land evidence of the city or town in which it is situate . . . . Before the goods and chattels are released an attested copy of the bond shall be filed with the recorder of deeds . . . and said bond shall be a lien upon the real estate described therein until the action in which the attachment was made is disposed of, or said bond is cancelled by the plaintiff or his attorney of record, or by order of a court of competent jurisdiction."

The cause was heard below on respondent's motion to dismiss the petition. The motion was granted for the reason that, in the opinion of the trial justice, the petitioners had a plain and adequate remedy at law.

We are of the opinion that the remedy at law is inadequate. The respondent contends that the petitioners should sue on the bond and attach the real estate and finally obtain an execution to be levied upon the same. It is admitted that since the filing of said bond said real estate has been heavily encumbered. We have been referrred to no statutory pro-

vision that the filing of the bond shall have the force of an attachment to the extent that the petitioners may sell under the execution whatever title the respondent had at the time of the filing of the bond. If the procedure suggested by the respondent is adopted the petitioners will apparently lose the benefit of the lien. The Legislature having provided no procedure for the enforcement of the lien given by said chapter 1009, the petitioners are entitled to resort to equity. 21 C. J. 118; 37 C. J. 340.

No objection as to procedure is made but, as the statute does not expressly authorize the filing of a petition, the remedy should be sought by bill of complaint. *Ballou, Petitioner*, 11 R. I. 359. After the filing of the petition the Legislature amended the statute in question by providing that the lien created by the provision of said chapter may be enforced by a bill in equity. See Chapter 1430, P. L. 1929.

The respondent argued before us that the petition was prematurely brought and therefore can not be maintained. She contends that, although the execution was returned wholly unsatisfied, no action can be brought to enforce the lien until after the return day of the execution and cites *McAuliffe* v. *Lynch*, 17 R. I. 410; *Grant* v. *N. Y. Life Ins. Co.*, 24 R. I. 11. In the *McAuliffe* case the court held that *scire facias* against bail can not be maintained on an execution which the sheriff has returned in a civil action before the return day thereof. The court was evidently of the opinion that the bail had the right to surrender the defendant, against whom the execution issued, at any time before the return day thereof. In the *Grant* case it was held that an action will not lie against a garnishee who has neglected to file an affidavit before the return day of the execution against the principal defendant. The garnishee was entitled at all times during the life of the execution to save himself from loss by filing an affidavit and paying to the officer charged with the service of the execution double the sum received for attendance and any sum in the garnishee's hands due the principal defendant.

In the case before us there is no reason for delay after the execution has been returned unsatisfied. See *Curtis* v. *Morton*, 39 R. I. 331. Furthermore, the condition of the bond is that, if the final judgment shall be forthwith paid, the obligation shall be null and void, otherwise to be and remain in full force and effect.

The trial justice erred in refusing to take jurisdiction.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court with direction to permit the petitioners to file in this cause a bill of complaint in substitution for this petition and for further proceedings.

*Peter W. McKiernan, John C. Going, Ernest L. Shein*, for petitioners.

*Howard B. Gorham, Sayles Gorham*, for respondent.